UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE ANN DALTON,

    Plaintiff

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Civil Action No. 11-11148

District Judge Thomas L. Ludington
Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

Plaintiff Katherine Ann Dalton brings this action under 42 U.S.C. §405(g), challenging a final decision of Defendant Commissioner denying her application for Supplemental Security Income. Before the Court are the parties' cross-motions for summary judgment which have been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).[1]   For the reasons set forth below, I recommend that Defendant's motion for summary judgment [Doc. #14] be GRANTED and Plaintiff's motion [Doc. #19] DENIED.

## PROCEDURAL HISTORY

---

[1] Plaintiff's submission, entitled "Response to Defendant's Motion for Summary Judgment" is construed as a motion for summary judgment in her favor. *Docket #19.*

-1-

Plaintiff applied for Supplemental Security Income ("SSI") on January 10, 2008, alleging disability as of January 1, 2008 (Tr. 98-100). After the initial denial of benefits, Plaintiff requested an administrative hearing, held on October 16, 2009 in Oakbrook, Illinois (Tr. 29). Administrative Law Judge ("ALJ") Robert M. Senander presided (Tr. 29). Plaintiff, unrepresented at the time of hearing, testified by videoconference from Detroit, Michigan (Tr. 8). A Vocational Expert ("VE") also testified (Tr. 45-48). On November 6, 2009, ALJ Senander determined that Plaintiff was not disabled (Tr. 13). On January 26, 2011, the Appeals Council denied review (Tr. 1-3). Plaintiff filed for judicial review of the administrative decision on March 21, 2011.

## BACKGROUND FACTS

Plaintiff, born September 13, 1968, was 41 when the ALJ issued his decision (Tr. 13, 98). She obtained a GED and worked previously as a babysitter and a toll collector (Tr. 114, 117). Her application for disability alleges disability as a result of back and leg problems obesity (Tr. 113).

**A. Plaintiff's Testimony**

Plaintiff began her testimony by stating that she wished to proceed with the hearing unrepresented (Tr. 31). She testified that she was approximately 5' 5" and weighed 425 pounds (Tr. 32). Plaintiff, currently separated, stated that she lived in a house with one other adult (Tr. 33). She indicated that she ceased driving in 2004 because of difficulty reaching the foot pedals (Tr. 33). She denied vocational training or military service (Tr. 34). She reported working as a toll collector in 1999 to 2000 (Tr. 35).

Plaintiff testified that her weight created knee, back, and foot problems, later adding that she became short of breath upon climbing stairs or walking (Tr. 35, 37). She reported that she used an "over-the-counter" inhaler for respiratory problems (Tr. 37). She stated that when leaving the house, she used a walker she purchased at a yard sale (Tr. 38). She indicated that her left knee throbbed constantly, characterizing the pain as a level "6" to "8" on a 1 to 10 scale (Tr. 39, 42). She testified that when shopping, she chose grocery stores with motorized carts (Tr. 39). Plaintiff acknowledged that she continued to eat out regularly, adding that she used a walker to go from a handicapped parking spot to the restaurant (Tr. 40). She denied that her left knee pain increased with prolonged walking (Tr. 41). She reported taking Tylenol for knee and back pain (Tr. 42).

Plaintiff testified that she experienced back pain upon walking (Tr. 43). She stated that she had been prescribed a muscle relaxant for three months in 2006 (Tr. 43). Plaintiff concluded by stating that her testimony had "covered everything" (Tr. 44).

**B. Medical Evidence**

### 1. Treating Sources

In November, 2008, Plaintiff sought treatment for a suspected influenza (Tr. 167). Blood tests showed that her white blood cell count was elevated (Tr. 171). February, 2009 imaging studies of the chest showed that Plaintiff's lungs were "clear without pleural effusions" (Tr. 170). In March, 2009, Plaintiff sought treatment for diarrhea (Tr. 164).

### 2. Non-Examining Sources

In February, 2008, Dr. Bina Shaw performed a consultive physical examination of Plaintiff on behalf of the SSA (Tr. 143). Plaintiff reported knee and lower back pain (Tr. 143). Dr. Shaw noted that Plaintiff was able to walk without a cane or walker but exhibited "a mildly antalgic gait" (Tr. 143). Plaintiff admitted to smoking a half pack of cigarettes daily (Tr. 143). She exhibited a full range of hip, knee and ankle motion (Tr. 144). She was able to get off a table of out of a chair without assistance (Tr. 144). Her lungs were clear to auscultation (Tr. 144). SSA case notes state that Plaintiff was independent in self-care, household activities, and shopping (Tr. 150).

An April, 2008 Residual Functional Capacity Assessment (physical) performed on behalf of the SSA found that Plaintiff could lift 20 pounds occasionally and 10 frequently; sit for six hours and stand or walk for two in an eight-hour workday; and push and pull without limitation (Tr. 154). She was limited to occasional stooping, kneeling, crouching, crawling and the climbing of ramps and stairs (Tr. 155). She was precluded from all climbing of ladders, ropes, and scaffolds, but was deemed able to balance on a frequent (as opposed to *constant* basis) (Tr. 155). The Assessment found the absence of manipulative, visual, communicative, or environmental limitations (Tr. 156-157). Plaintiff's allegations of limitations were deemed "partially credible" (Tr. 151).

### C.     Vocational Expert Testimony

The VE classified Plaintiff's former work as a toll collector (as performed) as sedentary and unskilled, also noting Plaintiff's testimony that the former work had a

"sit/stand" option allowing her to change positions at will ² (Tr. 45-46).

The ALJ then posed the following hypothetical limitations, taking into account Plaintiff's age, education, and work experience:

> [T]en pounds lifting frequently, twenty pounds occasionally, two [hours standing] in an eight-hour day and six [sitting] . . .occasional stairs, no ladders, occasional stooping, kneeling, crouching, crawling . . . .

(Tr. 46).

Based on the above limitations, the VE found that the individual could perform Plaintiff's past relevant work as a toll collector (Tr. 46). The VE testified further that the additional need for a sit/stand option allowing her to change position every 30 minutes would not preclude the work of a toll collector (Tr. 46). He also stated that the above-limited individual could perform the sedentary work a clerical handler (4,000 positions in the local economy); inspector/checker/sorter (2,000); bench assembler (2,000); and surveillance systems monitor and/or security receptionist (4,000) (Tr. 47-48). The VE stated that his testimony was consistent with the information found in the *Dictionary of Occupational Titles*, except for statements concerning a sit/stand option which was based on his own professional experience (Tr. 48).

---

²

20 C.F.R. § 404.1567(a-d) defines *sedentary* work as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools;  *light* work as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds;" *medium* work as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds;" and that exertionally *heavy*  work "involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds.

### D.     The ALJ's Decision

Citing Plaintiff's medical records, ALJ Senander found that Plaintiff experienced the severe impairments of obesity, degenerative joint disease of the left knee, and low back pain, but that none of the conditions met or medically equaled a Listing found in Appendix 1, Subpart P, Regulations No. 4 (Tr. 10). He determined that Plaintiff retained the Residual Functional Capacity ("RFC"):

> [L]ifting up to 20 pounds occasionally and 10 pounds frequently; 2 hours standing and/or walking; sitting for a total of six hours in a normal 8-hour workday[] allowing alternating between sitting and standing every 30 minutes and subject to postural limitations against climbing ramps, stairs, ladders, ropes, and scaffolds; no more than occasional stooping, kneeling, crouching or crawling.

(Tr. 10).

Citing the VE's testimony, the ALJ found that Plaintiff could perform her past relevant work as a toll collector as well as the jobs of document handler, inspector, bench assembler, and monitor (Tr. 13).

The ALJ discounted Plaintiff's allegations of disability, citing consultive examination records and imaging studies showing that her lungs were clear (Tr. 12). He also noted that the consultive records indicated that she had 5/5 muscle grip a good range of motion, and could "get off and on the table and chair without any assistance" (Tr. 12). He also noted that she was able to walk without an ambulatory device[3] (Tr. 12).

---

[3]

The administrative opinion contains two errors, albeit harmless ones. First, the ALJ found that Plaintiff's past relevant work was "unskilled light" while in fact, the position, as performed, was done at the "sedentary level"(Tr. 13, 45). Since Plaintiff's RFC exceeds the

## **STANDARD OF REVIEW**

The district court reviews the final decision of the Commissioner to determine whether it is supported by substantial evidence. 42 U.S.C. §405(g); *Sherrill v. Secretary of Health and Human Services,* 757 F.2d 803, 804 (6th Cir. 1985). Substantial evidence is more than a scintilla but less that a preponderance. It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, S. Ct. 206, 83 L.Ed.126 (1938)). The standard of review is deferential and "presupposes that there is a 'zone of choice' within which decision makers can go either way, without interference from the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986)(en banc). In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." *Wages v. Secretary of Health & Human Services*, 755 F.2d 495, 497 (6th Cir. 1985). The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ. *Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989). Because here, "the Appeals Council reviewed and

---

demands of her former work, *i.e.,* "light" lifting and carrying, the error would not change the final determination (Tr. 10). Second, in citing the VE's job findings, the ALJ erroneously stated that the VE had found that Plaintiff could work as a secretary (Tr. 13). The VE made no such finding (Tr. 47-48). However, as correctly noted by the ALJ, the VE also found that she could work as a document handler, inspector, bench assembler, and monitor (13, 47-48). Because the VE's actual job findings constitute a substantial number, the additional, erroneous finding that Plaintiff could work as a secretary would not change the Step Five determination of non-disability.

supplemented the decision of the ALJ, the review is of the [A]ppeals Council decision and the portions of the ALJ decision that it adopted." *O'Dell v. Astrue,* 736 F.Supp.2d 378, 385 (D.N.H. 2010)(citing *Sims v. Apfel,* 530 U.S. 103, 106-07, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000)).

## FRAMEWORK FOR DISABILITY DETERMINATIONS

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). In evaluating whether a claimant is disabled, the Commissioner is to consider, in sequence, whether the claimant: 1) worked during the alleged period of disability; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; 4) can return to past relevant work; and 5) if not, whether he or she can perform other work in the national economy. 20 C.F.R. §416.920(a). The Plaintiff has the burden of proof as steps one through four, but the burden shifts to the Commissioner at step five to demonstrate that, "notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy." *Richardson v. Secretary of Health & Human Services,* 735 F.2d 962, 964 (6th Cir.1984).

## ANALYSIS

**A. Obesity**

Plaintiff argues first that the ALJ did not consider the work-related effects of her obesity as required by SSR 02-01p. *Plaintiff's Brief* at 8-9. She contends that "the ALJ failed to assess the effect [of] respiratory limitations of obesity and [its] impact on [her] functioning." *Plaintiff's Brief at 8.*

While obesity does not constitute a disability, the condition must be considered in combination with other impairments in determining whether the claimant is disabled. SSR 02-01p. Here, the ALJ's finding that limitations as a result of obesity did not preclude Plaintiff's past work or other sedentary work is well supported and well explained. First, the ALJ found morbid obesity a "severe" impairment at Step Two of his analysis, later acknowledging that the condition could contribute to respiratory disease (Tr. 10, 13). Acknowledging that Plaintiff was a heavy smoker, the ALJ nonetheless noted that recent imaging studies of the chest were unremarkable (Tr. 12). He also cited consultive records showing that Plaintiff was able to get on and off an examining table and out of a chair without assistance, and could walk without an ambulatory device (Tr. 12). While Plaintiff contends in effect that the ALJ erred by failing to credit her testimony that she regularly used an ambulatory device purchased at a garage sale, his adoption of the consultive examiner's observations over her testimony was not unreasonable, given the lack of medical records supporting the disability claim.

Finally, Plaintiff asserts generally that respiratory problems prevent her from performing any work. However, she does not specify how such problems would prevent her performing the sedentary (as performed) past relevant work of a toll collector or the other

sedentary jobs cited by the VE. As such, the ALJ's discussion and conclusions regarding Plaintiff's respiratory problems do not provide grounds for remand.

### B. Hearing by Videoconference

Plaintiff contends that the ALJ's credibility determination was tainted by the fact that he conducted the hearing by videoconference rather than in person. *Plaintiff's Brief* at 9-10. She argues that while "the ALJ explained the advantage of obtaining a faster hearing" by videoconference, he "did not address the disadvantage of discernment resulting from a remote hearing." *Id.* at 9.

This argument is without merit. First, Plaintiff was informed repeatedly that she was entitled to request a live hearing, but nonetheless chose to proceed with by videoconference (Tr. 18, 70-71, 80). She cites a Eastern District of North Carolina in which the Court found that the claimant's entitlement to a hearing was compromised by a videoconferenced rather than live hearing. *Kirby v. Astrue,* 731 F. Supp. 2nd 453, 457 (E.D.N.C. 2010). *Kirby* is both non-controlling and distinguishable. First, *Kirby,* finding that the use of videoconferenced observations prejudiced the credibility determination, remanded primarily on the basis of a faulty treating physician analysis. *Id.* at 456-457. In contrast here, the ALJ did not base his credibility determination on Plaintiff's demeanor at the hearing, but instead, rejected her claims based on consultive examination findings and the lack of treating records (Tr. 11-12). Further, unlike *Kirby,* Plaintiff does not explain how she was prejudiced by testifying by teleconference or how an "in person" hearing would have changed the credibility determination.

To the contrary, it appears that the ALJ Senander did not experience problems understanding or observing Plaintiff at either the October, 2009 hearing or at a "pre-hearing" teleconference held in July, 2009 at which he noticed that she had brought a walker with her (Tr. 60). Plaintiff herself concluded her October, 2009 hearing testimony by stating that "[w]e covered everything" (Tr. 44). Finally, Plaintiff cites no case law for the general proposition that the ALJ was required to explain the possible "disadvantages" of a videoconferenced hearing.

In closing, I note that the record shows that Plaintiff experienced some level of personal and workplace impairment as a result of morbid obesity. My recommendation to uphold the administrative determination should not be read to trivialize these limitations. However, the ALJ's findings were well within the "zone of choice" accorded to the fact-finder at the administrative hearing level and accordingly, should not be disturbed by this Court. *Mullen v. Bowen*, *supra.*

## **CONCLUSION**

For these reasons, I recommend that Defendant's motion for summary judgment [Doc. #14] be GRANTED and Plaintiff's motion [Doc. #19] DENIED.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v.*

*Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: January 23, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 23, 2012.

s/Johnetta M. Curry-Williams
Case Manager